UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Michael John McLeod, et al.<br>Individually and on behalf of All Others<br>Similarly Situated, | No. 3:16-cv-01018-AWT |
| Plaintiff, | |
| v. | |
| VALVE CORPORATION, a Washington<br>corporation , | |
| Defendant. | |

## DECLARATION OF GAVIN W. SKOK IN SUPPORT OF MOTION TO TRANSFER FOR *FORUM NON CONVENIENS*

I, Gavin W. Skok, declare as follows:

1.      I am an attorney representing Valve Corporation ("Valve") in this action.  I am over the age of eighteen, competent to testify and I make this declaration of my own personal knowledge.

2.      In conducting research to determine Mr. McLeod's birthdate, I located a website listing "voter detail" for a person named Michael J. McLeod with a mailing address in Trumbull, Connecticut and a birthdate of April 27, 1998.  Attached as Exhibit A is an accurate screenshot of the webpage showing the voter detail.  The "voter detail" webpage is located at http://connvoters.com/by_number/0045/27658_michael_j_mcleod.html.

3.      All of information on the "voter detail" webpage is consistent with the identifying information provided by Plaintiff Michael John McLeod in his First Amended Complaint ¶¶ 14, 78 (Dkt. #9).  Plaintiff states that he is a resident and citizen of Fairfield County, Connecticut. (*Id.* ¶ 14.)

1

4.     I also confirmed the information on the "voter detail" webpage by inputting the town, last name, first name, and date of birth from the "voter detail" webpage into the voter lookup tool on the Connecticut Secretary of the State's website, located at http://www.sots.ct.gov/sots/cwp/view.asp?a=3172&q=512796.  The results shown by the Secretary of State's website confirmed that the information from the "voter detail" webpage matched a voter named Michael McLeod registered with the Connecticut Secretary of the State. Attached as Exhibit B is an accurate screenshot of the webpage showing the result of my search for a Michael McLeod with a birthdate of April 27, 1998 and a hometown of Trumbull.

5.     For the court's reference, attached as Exhibit C are true and accurate copies of the Motion to Dismiss (Dkt. #5) and the Transfer Order (Dkt. #22) granting that Motion, which were filed in *Grigsby v. Valve Corp.,* No. 2:11-cv-09905-JAK-MAN (C.D. Cal.).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 26th, 2016, at Seattle, Washington.

_____
Gavin W. Skok

4845-0005-4837.05
63478.00052

# EXHIBIT A

4845-0005-4837.05
63478.00052

# Michael J. McLeod 04/27/1998 1-203-893-0100 38 Sunrise Avenue, Trumbull, CT

# Michael J. McLeod

Connecticut voter ID number 004527658

*9 February 2016:* Michael J. McLeod was born on 27 April 1998, and on 4 February 2016 he registered to vote. He is (or was) living at 38 Sunrise Avenue, Trumbull, Connecticut, U.S.A. 06611-1945. He is (or was) registered as a Democratic voter. His telephone number is (or was) 1-203-893-0100.

**Voter ID number 004527658**

Use this website at your own risk. There is no warranty. This is a privately owned genealogy website using a purchased copy of the Connecticut voter list as of 9 February 2016, which is unrestricted, public information.

Home Page ... About This Site ... Removal Policy ... Download Database Voter Detail

| | |
|---|---|
| Voter List: | 20160209 |
| Town: | 144 |
| Voter ID number: | 004527658 |
| Last Name: | McLeod |
| First Name: | Michael |
| Middle Name: | J |
| Prefix: | Mr |
| Suffix: | |
| Status: | A |
| Special Status: | |
| Off Reason: | |
| Voter District: | 003 |

| | |
|---|---|
| Voter Precinct: | 23 |
| Congressional District: | 004 |
| State Senate District: | 022 |
| State Assembly District: | 123 |
| Poll Place: | Madison School 123 |
| Local Voter District: | 003 |
| Local Voter Precinct: | 00 |
| Special Voter District: | |
| Special Voter Precinct: | |
| Voter Address Number: | 38 |
| Voter Address Unit: | |
| Name of Street: | Sunrise Avenue |
| Town Name: | Trumbull |
| State: | CT |
| ZIP Code: | 06611 |
| ZIP+4 Extension: | 1945 |
| Carrier: | C004 |
| Mailing Address Number: | 38 |
| Mailing Address Unit: | |
| Mailing Address Street One: | Sunrise Avenue |
| Mailing Address Street Two: | |
| Mailing Address City: | Trumbull |
| Mailing Address State: | CT |
| Mailing Address Country: | United States |
| Mailing Address ZIP Code: | 06611-1945 |
| Mailing Address Carrier: | C004 |

7/25/2016                    Michael J. McLeod 04/27/1998 1-203-893-0100 38 Sunrise Avenue, Trumbull, CT

|                        |               |
|------------------------|---------------|
| Birth Date:            | 04/27/1998    |
| Phone:                 | 2038930100    |
| Party:                 | D             |
| Unqualified Party:     |               |
| Sex:                   | M             |
| Registration Accepted: | 02/04/2016    |

# Voting History

We are testing a new feature which will allow you to request removal of your own data. Your IP address and the date and time will be recorded as well.


State: Voter ID number * Last name (as shown on website) * *I attest that this is my record. The webmaster has my permission to record my IP address, proxy (if any) and the current date and time. I use this online form without any warranty.

Submit

# EXHIBIT B

4

# Voter Registration Lookup

Town: | Trumbull ▽ |

Last Name: | McLeod |

First Name: | Michael |

Date of Birth: | 04/27/1998 | (MM/DD/YYYY)

[ Search ] [ Reset ]

Important Message: *If you have questions about your registration information or need further assistance, please contact your local Registrar of Voters.*

The data displayed in this application is current as of: 07/12/2016

**You are registered in the following party: Democratic**

An enrolled party member is eligible to vote in any party primary election, caucus or convention for the party you are enrolled in. You may choose to switch enrollment to or from a political party at any time, but there is a three-month waiting period to attain voting privileges in your new party.

## Polling Location Address

**State:** Madison School 123
4630 Madison Avenue
Trumbull

**Local:** Madison School 123
4630 Madison Avenue
Trumbull

# EXHIBIT C

5

Jeffrey R. Witham (SBN 116392)
jwitham@mmwf.com
McLEOD, MOSCARINO, WITHAM & FLYNN LLP
707 Wilshire Blvd., Suite 5000
Los Angeles, CA 90017
Tel:  (213) 627-3600
Fax: (213) 627-6290

Of Counsel

Gavin W. Skok
Shata L. Stucky
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue
Suite 4500
Seattle, WA 98154-1192
Tel:  (206) 624-3600
Fax: (206) 389-1708

Attorneys for Defendant
Valve Corporation

## IN THE UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Oliver Grigsby, individually and on behalf of other members of the general public similarly situated,<br><br>     Plaintiff,<br><br>vs.<br><br>Valve Corporation, a Washington corporation,<br><br>     Defendant. | Case No. CV 11-09905 JAK (MANx)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TO TRANSFER UNDER 28 U.S.C. SECTION 1406(a); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN COOK IN SUPPORT THEREOF**<br><br>DATE:  March 26, 2012<br>TIME:  8:30 a.m.<br>CTRM: 750 |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 26, 2012, at 8:30 a.m., in Courtroom 750 of the above-entitled Court, located at 255 E. Temple Street, Los Angeles, California 90012, defendant Valve Corporation ("Valve") shall and hereby does move for an order dismissing this action for improper venue under Federal Rule of Civil Procedure 12(b)(3). Alternatively, Valve moves for an order transferring this action to the United States District Court for the Western District of Washington under 28 U.S.C. § 1406(a).

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on December 29, 2011.

Valve makes this motion to dismiss under Fed. R. Civ. P. 12(b)(3) on the grounds that venue in this district is improper because the Plaintiff's contract at issue in this action contains a forum-selection clause providing, in relevant part, that any claim asserted against Valve "shall be commenced and maintained exclusively in any state or federal court located in King County, Washington." Alternatively, Valve makes this motion under 28 U.S.C. § 1406(a) which authorizes a district court to transfer a case that was filed in the wrong district "to any district or division in which it could have been brought."

This motion is based on this Notice, the attached Memorandum of Points and Authorities, the attached Declaration of John Cook and exhibits thereto, and upon such other and further evidence as may be presented prior to or at the time of hearing on this motion.

Dated:  January 9, 2012          MCLEOD, MOSCARINO, WITHAM & FLYNN LLP

By:  */s/ Jeffrey R. Witham*
Jeffrey R. Witham (SBN116392)
707 Wilshire Boulevard, Suite 5000
Los Angeles, California 90017-3501
Tel: (213) 627-3600
jwitham@mmwf.com
Attorneys for Defendant
Valve Corporation

# TABLE OF CONTENTS

Page No.

I.    SUMMARY ................................................................................................1

II.   STATEMENT OF THE FACTS..............................................................2

III.  LEGAL ARGUMENT...............................................................................4

    A.   The Forum Selection Clause Provides for Exclusive Venue in Washington, Not California, and Enforcement of That Clause Would Not Be Unreasonable or Unjust5

        1.   The Mandatory Forum Selection Clause Makes Washington State the Exclusive Venue for this Action ..........................................................5

        2.   Enforcement of the Forum Selection Clause Would Not Be Unreasonable or Unjust. ....................................................................7

            a.   The Forum Selection Clause Is Not a Product of Fraud or Overreaching. ...................................................................8

            b.   Plaintiff Would Not Be Deprived of His Day in Court if This Action Is Decided in Washington. ...............................................9

            c.   Litigating in Washington State Would Not Contravene Any Strong California Public Policy. ...............................................10

    B.   Alternatively, the Court Should Transfer This Action to Washington State Under Section 1406(a).13

IV.   CONCLUSION ........................................................................................13

1

## TABLE OF AUTHORITIES

2
Page No.

3 **Cases**

4 *Argueta v. Banco Mexicano*
5    *S.A.*, 87 F.3d 320, 324 (9th Cir. 1996)...................................................... 4, 5, 8, 9

6 *Baxter v. Intelius, Inc.*
   No. CV–09–1031, 2010 WL 3791487, at *4 (C.D. Cal. Sept. 16, 2010)...................... 8
7
*Bott v. Vistaprint USA Inc.*
8    392 Fed. Appx. 327 (5th Cir. 2010)......................................................... 8

9 *Broidy Capital Mgmt. v. Campisi*
   No. CV 09-06815 DDP (RCx), 2009 WL 3395722, at *1 (C.D. Cal. Oct. 19, 2009)..... 7
10
*Calisher & Assocs., Inc. v. RGCMC, LLC*
11    Nos. CV08-06523-MMM (Ex), CV08-06540-MMM (Ex), 2008 WL 4949041, at *4
12    (C.D. Cal., Nov. 17, 2008).................................................................. 7

13 *Camelot Entm't Inc. v. Incentive Capital LLC*
   No. CV 11–02323 DDP (JEMx), 2011 WL 4477317, at *2 (C.D. Cal. Sept. 27, 2011) 6
14
*Carnival Cruise Lines, Inc. v. Shute*
15    499 U.S. 585, 593, 111 S. Ct. 1522, 1527, 113 L. Ed. 2d 622 (1991) .......................... 8

16 *Docksider Ltd. v. Sea Tech., Ltd.*
   875 F.2d 762, 764 (9th Cir. 1989) ......................................................... 6
17
*Doe v. Network Solutions, LLC*
18    No. C 07-05115 JSW, 2008 WL 191419, *6 (N.D. Cal. Jan. 22, 2008).................. 9, 11
19
*E. & J. Gallo Winery v. Andina Licores S.A.*
20    440 F.Supp.2d 1115, 1127 (E.D. Cal. 2006) ............................................. 12

21 *Flake v. Medline Indus., Inc.*
22    882 F.Supp. 947, 952 (E.D. Cal. 1995) ................................................... 13

23 *Gamayo v. Match.com LLC*
   Nos. C 11–00762 SBA, C 11–1076 SBA, C 11–1206 SBA, 2011 WL 3739542, *6
24    (N.D. Cal. Aug. 24, 2011)................................................................. 10

25 *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*
26    817 F.2d 75, 77-78 (9th Cir. 1987)....................................................... 6

27 *In re Mercurio*
   402 F.3d 62, 66 (1st Cir. 2005)........................................................... 10
28

*In re Vistaprint Corp Marketing & Sales Practices Litigation*
   MDL No. 4:08–md–1994, 2009 WL 2884727, *6 (S.D. Tex. Aug. 31, 2009) ............... 8

*King v. Russell*
   963 F.2d 1301, 1304 (9th Cir. 1992); ........................................................... 13

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*
   858 F.2d 509, 513 (9th Cir. 1988) ............................................................. 5, 9

*Mazzola v. Roomster Corp.*
   No. CV 10-5954 AHM, 2010 WL 4916610, at *3 (C.D. Cal. Nov. 30, 2010) .. 8, 10, 11, 12, 13

*Molnar v. 1-800-Flowers.com, Inc.*
   No. CV 08-0542 CAS (JCx), 2008 WL 4772125, *1, *5 (C.D. Cal. Sept. 29, 2008) .... 8

*Nedlloyd Lines B.V. v. Superior Court*
   3 Cal. 4th 459, 464-65, 834 P.2d 1148, 1151, 11 Cal. Rptr. 2d 330, 333 (Cal. 1992) ... 12

*New Image Painting, Inc. v. Home Depot U.S.A., Inc.*
   No. SACV 09-1224 AG (RNBx), 2009 WL 4730891, at *3 (C.D. Cal. Dec. 7, 2009) .. 7

*Paster v. Putney Student Travel, Inc.*
   No. CV 99–2062 RSWL, 1999 WL 1074120, at *3 (C.D. Cal. Jun 9, 1999) ................ 7

*Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*
   Nos. 83-6228, 83-7678, 741 F.2d 273, 281 (9th Cir. 1984) ..................................... 6, 10

*Prestar Fin. Corp. v. Infraegis, Inc.*
   No. SACV 09-899 AG (RNBx), 2009 WL 3425348, at *3 (C.D. Cal. Oct. 19, 2009) ... 7

*Smith, Valentino & Smith, Inc. v. Superior Court*
   17 Cal. 3d 491, 495-96, 551 P.2d 1206, 1209 131 Cal. Rptr. 374, 377 (Cal. 1976) ..... 11

*Superbalife, Int'l LLC v. PowerPay LLC*
   No. CV 08-5099 PSG (PJWx), 2008 WL 5455430, at *4 (C.D. Cal. Dec. 30, 2008) .... 7

*Swenson v. T-Mobile USA, Inc.*
   415 F.Supp.2d 1101, 1104 (S.D. Cal. 2006) ................................................................. 11

*The Bremen v. Zapata Off–Shore Co.*
   407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972) ......................................................... 5

**Statutes**

28 U.S.C. § 1406(a) ........................................................................................................ 2, 13

1

**Rules**

Fed. R. Civ. P. 12(b)(3) ................................................................ 2, 4, 6, 7, 11, 13

Fed. R. Civ. P. 12(b)(6) ................................................................................. 5

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION TO DISMISS OR TRANSFER

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  SUMMARY

Plaintiff Oliver Grigsby brought this action in the wrong judicial district. He entered into an agreement with defendant Valve Corporation ("Valve") that provides for exclusive jurisdiction and venue for any action between the parties in King County, Washington. That agreement ought to be enforced here just as similar agreements have been enforced many times in this District. Valve seeks dismissal of this action or in the alternative transfer to the Western District of Washington, which is located in King County, Washington.

Valve is a Washington company that creates and distributes video games. Valve also operates an online game platform called "Steam." The Steam platform provides for purchase of games and facilitates playing online games through matchmaking and other functions. Plaintiff is a Steam subscriber who opened a Steam account in May 2010. Plaintiff brings this suit on behalf of himself and purported California and national classes of Steam users, claiming Valve did not maintain adequate security for his personal information.

Like every Steam subscriber, Mr. Grigsby's use of Steam is governed by a Steam Subscriber Agreement. Plaintiff agreed to the Agreement when he created his Steam account. It is not possible to be a Steam subscriber without agreeing to the Steam Subscriber Agreement. Mr. Grigsby then assented to it again each time he bought or activated a game on Steam – a total of <u>seven</u> different times – including at least once in the month that he filed the lawsuit. The Steam Subscriber Agreement unambiguously states that "any claim asserted in any legal proceeding" brought by plaintiff "shall be commenced and maintained exclusively in any state or federal court located in King County, Washington, having subject matter jurisdiction" over plaintiff's claims, and that plaintiff "consent[s] to the exclusive jurisdiction of such courts."

Many decisions from the Ninth Circuit and this District hold that venue clauses such as the one here are enforceable and should result in dismissal or transfer where a

1   case is brought in an improper venue.  Mr. Grigsby is required under the agreement he

2   (repeatedly) made to bring his action in King County, Washington State, and prohibited

3   from pursuing it in this Court.  Forum selection clauses are presumed valid, and

4   enforcement is ordered unless a plaintiff carries the heavy burden of demonstrating that

5   doing so would be unreasonable.  Giving effect to the contract between the parties here is

6   not unreasonable.

7          Accordingly, Valve moves pursuant to Fed. R. Civ. P. 12(b)(3) for dismissal based

8   on improper venue or, in the alternative, for transfer to the United States District Court for

9   the Western District of Washington pursuant to 28 U.S.C. § 1406(a).

10                    **II.   STATEMENT OF THE FACTS**

11          Valve is a software development company in the video gaming industry, and is

12   located in Bellevue, Washington.  *See* Declaration of John Cook ("Cook Decl.") at ¶ 3.

13   One segment of Valve's business involves distributing and facilitating online play of

14   video games developed by Valve and other gaming companies through its online gaming

15   platform, Steam.  *Id.* at ¶ 2.

16          In order to use Steam, it is necessary to have a Steam account.  *Id.* at ¶ 4.  In order

17   to create a Steam account, a user is presented with the Steam Subscriber Agreement

18   ("Agreement") and must agree to it.  *Id.* at ¶ 5 & Ex. A.  The Agreement is presented just

19   below the sections used to create a Steam username and password, under instructions

20   stating:  "Please review the agreement(s) below and agree by selecting the checkbox(es) at

21   the bottom of the page.  You must agree with the terms of these agreements to continue."

22   *Id.*

23          Section 14 of the Agreement designates King County, Washington State as the

24   exclusive forum for resolution of any disputes.  It provides, in relevant part:

25                    14. APPLICABLE LAW/JURISDICTION

26                    You agree that this Agreement shall be deemed to have been
                     made and executed in the State of Washington, and any dispute
27                    arising hereunder shall be resolved in accordance with the law
                     of Washington. You agree that any claim asserted in any legal
28

- 2 -

1

2
               proceeding by you against Valve shall be commenced and
maintained exclusively in any state or federal court located in
3
King County, Washington, having subject matter jurisdiction
with respect to the dispute between the parties and you hereby
4
consent to the exclusive jurisdiction of such courts. In any
dispute arising under this Agreement, the prevailing party will
5
be entitled to attorneys' fees and expenses.

6   *See id.* at ¶ 7 & Ex. C.

7        A Steam account cannot be created unless the subscriber accepts the Agreement by

8   clicking a box under the Agreement stating "I agree AND am 13 years of age or older."

9   *Id.* at ¶ 6. If a user attempts to create an account without clicking that box to accept the

10  Agreement, the screen refreshes and a notice appears at the top of the webpage, stating,

11  "You must agree to the Steam Subscriber Agreement to continue." *See id.* at ¶ 6 & Ex. B.

12  It is not possible to create a Steam account unless the user affirmatively indicates

13  acceptance of the Agreement. *Id.* at ¶ 6.

14       Plaintiff Oliver Grigsby set up his Steam account on May 15, 2010. Complaint at

15  ¶ 25 (Dkt. No. 1). In the course of doing so, Mr. Grigsby was presented with the

16  Agreement as described above – including the Section 14 forum selection clause – and

17  accepted it in order to complete his account set-up. Cook Decl. at ¶ 11 & Ex. C.

18       A Steam subscriber may purchase games or other digital content on Steam. *Id.* at

19  ¶ 8. Steam requires all users to again accept the Agreement each time a user purchases a

20  game through Steam after his or her account is set up. *Id.* at ¶ 8. Before Steam will allow

21  a user to complete any online purchase, the user must click a box that states, "I agree to

22  the terms of the Steam Subscriber Agreement." *Id.* & Ex. D. The words "Steam

23  Subscriber Agreement" are hyperlinked to the text of the agreement. *Id.* If the user does

24  not click the box to agree, the screen refreshes and a notice appears at the top of the

25  webpage, stating, "You must agree to the terms of the Steam Subscriber Agreement to

26  complete this transaction." *Id.* at ¶ 9 & Ex. E. The user cannot complete the purchase

27  until he or she clicks the box to accept the Agreement again. *Id.* at ¶ 9.

28       Mr. Grigsby purchased three video games on Steam. *Id.* at ¶ 12. These were

1    purchased in May and October 2010 and June of 2011.  *Id.*  Mr. Grigsby would have been

2    required to accept the Agreement in connection with each of these transactions.  *Id.*

3         Users may also activate games on Steam that were purchased off-line, e.g., by

4    purchasing a physical copy of the game at a local store, using a CD key that came with the

5    game.  *Id.* at ¶ 10.  Retail games can then be activated for use on Steam.  *Id.*  Steam

6    requires users to again accept the Agreement before each such activation.  *Id.*  The

7    product activation window presented to a user in the course of such activations includes

8    the Agreement, instructs the user to "Please read this agreement in its entirety.  You must

9    agree with the terms of the Steam Subscriber Agreement to continue," then requires the

10   user to select a button stating "I agree" to complete the activation.  *Id.*

11        Mr. Grigsby activated three video games on Steam using a CD key in June and

12   November of 2011.  *Id.* at ¶ 13.  Mr. Grigsby was required to again accept the Agreement

13   to complete each of these activations.  *Id.*

14        In all, Mr. Grigsby accepted the Agreement – and its unambiguous forum selection

15   clause – seven different times in the past 18 months, including at least once in the month

16   that he filed this lawsuit.  *Id.* at ¶ 15.  Ignoring the forum selection clause in the

17   Agreement, plaintiff Oliver Grigsby filed this class action in this judicial district on

18   November 30, 2011.  In his complaint, Plaintiff alleges causes of action for (1) violation

19   of the Consumer Legal Remedies Act; (2) violation of the Unfair Competition Law; (3)

20   violation of the False Advertising Law; (4) breach of express contract; (5) breach of

21   implied warranty; and (6) negligence.  Plaintiff asserts these claims on behalf of himself, a

22   putative national class of United States residents who subscribed to Valve's Steam service

23   as of November 6, 2011, and a subclass of California Steam subscribers who purchased

24   goods or services through Valve's Steam online system as of November 6, 2011.  *See*

25   Complaint at ¶¶ 28-29 (Dkt. No. 1).

26              **III.   LEGAL ARGUMENT**

27        A motion to enforce a forum selection clause is treated as a motion to dismiss for

28   improper venue under Federal Rule of Civil Procedure 12(b)(3).  *Argueta v. Banco*

- 4 -

1    *Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).  In resolving such motions, courts do

2    not accept the pleadings as true, as would be required under required under a Rule

3    12(b)(6) analysis.  *Id.*  Instead, an analysis under 12(b)(3) allows courts to consider facts

4    outside the pleadings.  *Id.*

5       **A.**     **The Forum Selection Clause Provides for Exclusive Venue in**

6              **Washington, Not California, and Enforcement of That Clause Would**

7              **Not Be Unreasonable or Unjust.**

8       Federal law "controls enforcement of forum clauses in diversity cases." *Manetti-*

9    *Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988).  Federal courts apply

10   the standard announced in *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S. Ct.

11   1907, 32 L. Ed. 2d 513 (1972), to determine the enforceability of forum-selection clauses.

12   *See Argueta*, 87 F.3d at 324 ("Although *Bremen* is an admiralty case, its standard has

13   been widely applied to forum selection clauses in general.").

14       Under *Bremen*, forum selection clauses are "prima facie valid and should be

15   enforced unless enforcement is shown by the resisting party to be 'unreasonable' under

16   the circumstances." 407 U.S. at 10, 92 S. Ct. at 1913.  The exception under *Bremen* is

17   narrowly construed and places a heavy burden on the resisting party. *Argueta*, 87 F.3d at

18   325.

19         **1.**     **The Mandatory Forum Selection Clause Makes Washington State**

20               **the Exclusive Venue for this Action**

21       The Steam Subscriber Agreement plainly provides for exclusive venue in

22   Washington State:

23
> You agree that any claim asserted in any legal proceeding by
24      you against Valve shall be commenced and maintained
> exclusively in any state or federal court located in King County,
25      Washington, having subject matter jurisdiction with respect to
> the dispute between the parties and you hereby consent to the
26      exclusive jurisdiction of such courts.

27   Cook Decl. at ¶ 7 & Ex. C.

28       Under the Agreement, the parties agreed that venue in King County, Washington is

1    mandatory. *See, e.g., Docksider Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989)

2    ("The prevailing rule is clear from these and other cases that where venue is specified

3    with mandatory language the clause will be enforced.")  As the Circuit explained in

4    *Docksider*:

5        [T]he forum selection clause underlying this action contains the additional
6        sentence stating that "[v]enue of any action brought hereunder shall be
         deemed to be in ... Virginia." This language requires enforcement of the
7        clause because Docksider not only consented to the jurisdiction of the state
         courts of Virginia, but further agreed by mandatory language that the venue
8        for all actions arising out of the license agreement would be Gloucester
         County, Virginia. This mandatory language makes clear that venue, the
9        place of suit, lies exclusively in the designated county. Thus, whether or not
         several states might otherwise have jurisdiction over actions stemming from
10       the agreement, all actions must be filed and prosecuted in Virginia.

11   875 F.2d at 764. *See also Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, Nos.

12   83-6228, 83-7678, 741 F.2d 273, 275 (9th Cir. 1984) (enforcing clause that required

13   dispute to "be litigated only in the Superior Court for Los Angeles, California (and in no

14   other)"); *cf. Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 76-78 (9th Cir.

15   1987) (clause stating merely that "[t]he courts of California, County of Orange, shall have

16   jurisdiction" was not mandatory because it "[fell] short of designating an exclusive

17   forum").

18       As in *Docksider,* the Agreement's venue clause is mandatory, e.g., it broadly

19   includes "any claim asserted in any legal proceeding," uses mandatory language stating

20   that venue "shall" be in Washington State, and twice states that Washington courts are the

21   "exclusive" forum for resolution of any disputes.  The provision should be enforced as

22   written and agreed to by the parties.  Numerous decisions from this District have reached

23   similar results when presented with similar forum selection clauses.  For example,

24   recently in *Camelot Entm't Inc. v. Incentive Capital LLC*, No. CV 11–02323 DDP

25   (JEMx), 2011 WL 4477317, at *2 (C.D. Cal. Sept. 27, 2011) (Pregerson, J.), the Court

26   dismissed the action pursuant to Rule 12(b)(3) because a mandatory forum selection

27   clause in the agreements under dispute required the action to be brought in Utah based on

28   "clear and unambiguous" mandatory language stating that "[a]ny legal action or

1  proceeding with respect to this Security Agreement must be brought before the federal or

2  state courts located in the State of Utah."  Similarly, in *New Image Painting, Inc. v. Home*

3  *Depot U.S.A., Inc.*, No. SACV 09-1224 AG (RNBx), 2009 WL 4730891, at *3 (C.D. Cal.

4  Dec. 7, 2009) (Guilford, J.), this Court dismissed pursuant to Rule 12(b)(3) on language

5  similar to that in the Steam Subscriber Agreement, explaining: "[T]he forum selection

6  clause in the SPA states in plain language that 'legal or equitable actions arising out of, or

7  relating to, this SPA or the breach thereof shall be exclusively brought in either the

8  Superior Court of Cobb County, Georgia, or the United States District Court for the

9  Northern District of Georgia, Atlanta Division.'  The parties' use of the words 'exclusive'

10  and 'shall' shows the parties' intent to make the forum selection clause mandatory rather

11  than permissive."  Numerous other decisions from this District are in accord.  *Broidy*

12  *Capital Mgmt. v. Campisi*, No. CV 09-06815 DDP (RCx), 2009 WL 3395722, at *1 (C.D.

13  Cal. Oct. 19, 2009) (Pregerson, J.) (holding that clause at issue was mandatory); *Prestar*

14  *Fin. Corp. v. Infraegis, Inc.*, No. SACV 09-899 AG (RNBx), 2009 WL 3425348, at *3

15  (C.D. Cal. Oct. 19, 2009) (Guilford, J.) (same); *Superbalife, Int'l LLC v. PowerPay LLC*,

16  No. CV 08-5099 PSG (PJWx), 2008 WL 5455430, at *4 (C.D. Cal. Dec. 30, 2008)

17  (Gutierrez, J.) (same); *Paster v. Putney Student Travel, Inc.*, No. CV 99–2062 RSWL,

18  1999 WL 1074120, at *3 (C.D. Cal. Jun 9, 1999) (Lew, J.) (same); *Calisher & Assocs.,*

19  *Inc. v. RGCMC, LLC*, Nos. CV08-06523-MMM (Ex), CV08-06540-MMM (Ex), 2008

20  WL 4949041, at *4 (C.D. Cal. Nov. 17, 2008) (Morrow, J.) (same), *aff'd*, 373 Fed.Appx.

21  697 (9th Cir. 2010).

22             **2.       Enforcement of the Forum Selection Clause Would Not Be**

23                        **Unreasonable or Unjust.**

24             The party seeking to avoid his venue agreement must show that enforcing it would

25  be unreasonable.  In this context, "unreasonableness" means (1) the incorporation of the

26  clause into the contract was the result of fraud, undue influence, or overweening

27  bargaining power, (2) the selected forum is so gravely difficult and inconvenient that the

28  complaining party will for all practical purposes be deprived of its day in court; or (3)

1   enforcement of the clause would contravene a strong public policy of the forum in which

2   the suit is brought.  *Argueta*, 87 F.3d at 325.  Plaintiff cannot meet any of these standards.

### a.   The Forum Selection Clause Is Not a Product of Fraud or Overreaching.

5   There are simply no facts in this case to support a claim that the forum selection

6   clause in the Steam Subscriber Agreement was the product of fraud or overreaching.

7   There is no such allegation in the Complaint.  Nor would any such assertion be possible in

8   light of the fact that Plaintiff was presented with, and agreed to, the Steam Subscriber

9   Agreement and its forum selection clause <u>seven</u> different times.

10   The Supreme Court has rejected the argument that nonnegotiated forum-selection

11   clauses in form contracts are unenforceable simply because they are not the subject of

12   bargaining.  *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593, 111 S. Ct. 1522,

13   1527, 113 L. Ed 2d 622 (1991); *see also* Restatement (Second) of Conflict of Laws § 80

14   cmt. a (indicating that unequal bargaining power is basis for disregarding forum selection

15   clause only if unequal bargaining power was unfairly used).  And numerous courts have

16   found that a consumer cannot claim that he was deceived if he fails to read clear and

17   understandable terms that are in close proximity to the location on a website where he

18   indicates his agreement to those terms.  *See, e.g.*, *Baxter v. Intelius, Inc.*, No. CV–09–

19   1031, 2010 WL 3791487, at *4 (C.D. Cal. Sept. 16, 2010); *In re Vistaprint Corp*

20   *Marketing & Sales Practices Litigation*, MDL No. 4:08–md–1994, 2009 WL 2884727, *6

21   (S.D. Tex. Aug. 31, 2009), *aff'd*, *Bott v. Vistaprint USA Inc.*, 392 Fed. Appx. 327 (5th Cir.

22   2010).

23   Consistent with these authorities, courts in this District have enforced forum-

24   selection clauses in online user agreements similar to the subscriber agreement at issue in

25   this case.  *See, e.g.*, *Mazzola v. Roomster Corp.*, No. CV 10-5954 AHM, 2010 WL

26   4916610, at *3 (C.D. Cal. Nov. 30, 2010) (enforcing forum selection clause in

27   Roomster.com's online agreement); *Molnar v. 1-800-Flowers.com, Inc.*, No. CV 08-0542

28   CAS (JCx), 2008 WL 4772125, *1, *5 (C.D. Cal. Sept. 29, 2008) (holding that forum

1   selection clause was not unreasonable where it was contained in terms-and-conditions

2   page that online customers were required to agree to before making a purchase).  In

3   another similar case, the Federal District Court for the Northern District of California

4   enforced a forum selection clause in a class action case involving an online service

5   agreement.  *Doe v. Network Solutions, LLC*, No. C 07-05115 JSW,  2008 WL 191419, *6

6   (N.D. Cal. Jan. 22, 2008).  The Plaintiff alleged that Network Solutions violated several

7   California laws because it "knowingly violated its privacy policy and failed to install

8   industry-standard hardware and/or software that would have prevented the release of its

9   customers' private information."  *Id.* at *2.  The Court held that Network Solutions

10  adequately apprised the plaintiff that the forum selection clause existed because the

11  plaintiff "was required to check the box on the Network Solutions' website that is

12  adjacent to the statement 'I have read the Network Solutions Service Agreement and agree

13  to its terms.'"  *Id.* at *6.  Valve's forum selection clause is no different than other forum

14  selection clauses that have been routinely enforced.

15          **b.      Plaintiff Would Not Be Deprived of His Day in Court if This**

16                  **Action Is Decided in Washington.**

17          A party resisting enforcement of a forum-selection clause has a "heavy burden of

18  showing that trial in the chosen forum would be so difficult and inconvenient that the

19  party would effectively be denied a meaningful day in court."  *Argueta*, 87 F.3d at 325.

20  Here plaintiff can readily access the courts that he agreed to pursue his action in.  The

21  state and federal courts in King County, Washington State are located in Seattle, which is

22  readily accessible by a short plane ride from Los Angeles.[1]  Washington State is also

23  within the Ninth Circuit, so the same appellate law will apply as if this case were pursued

24  in California.  Even if Washington State were distant – which it is not – courts routinely

25  holding that the inconvenience of traveling to a distant venue is insufficient to resist the

26

27  [1] As a practical matter, plaintiff will be in King County, Washington extensively in this
    case for discovery regardless of whether it is transferred, because Valve's headquarters,
28  its documents, and its employees are all located in King County.

1    enforcement of a forum-selection clause.  *See Manetti-Farrow*, 858 F.2d at 515

2    (dismissing Complaint based on forum-selection clause that required action to be

3    maintained in Italy); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d

4    273, 281 (9th Cir. 1984) (travel from east coast to California not unreasonable); *In re

5    Mercurio*, 402 F.3d 62, 66 (1st Cir. 2005) ("[S]omething considerably more than the mere

6    inconvenience of traveling to litigate in a different, even faraway foreign jurisdiction, is

7    required to overcome a contractual agreement to do so.").  Plaintiff cannot show that the

8    mere inconvenience of traveling to Washington State effectively denies him a meaningful

9    day in court.

10                 **c.       Litigating in Washington State Would Not Contravene Any**

11                          **Strong California Public Policy.**

12          The Steam Subscriber Agreement designates Washington law as governing, stating:

13    "You agree that this Agreement shall be deemed to have been made and executed in the

14    State of Washington, and any dispute arising hereunder shall be resolved in accordance

15    with the law of Washington."  No public policy concerns are implicated because federal

16    courts in Washington are equally able to apply California law, to the extent Plaintiff

17    chooses to argue that such law applies, as California's federal courts recognize in

18    enforcing forum selection clauses in similar consumer class action cases.[2]  *See Gamayo v.

19    Match.com LLC*, Nos. C 11–00762 SBA, C 11–1076 SBA, C 11–1206 SBA, 2011 WL

20    3739542, *1 (N.D. Cal. Aug. 24, 2011) (enforcing forum selection clause in class action

21    alleging that Match.com violated California's Consumer Legal Remedies Act because it

22    induced "subscribers to join its internet dating website under the allegedly false premise

23    that they would be able to access millions of user profiles"); *Mazzola v. Roomster Corp.*,

24    No. CV 10-5954 AHM, 2010 WL 4916610, 4 (C.D. Cal. Nov. 30, 2010) (granting motion

25    _____

26    [2] The Steam Subscriber Agreement designates Washington law as governing, stating:
     "You agree that this Agreement shall be deemed to have been made and executed in the
27    State of Washington, and any dispute arising hereunder shall be resolved in accordance
28    with the law of Washington."

1  to transfer in "putative consumer class action seeking damages and other relief based on

2  Defendants' alleged billing scheme involving the website Roomster.com"); *Doe v.*

3  *Network Solutions, LLC*, No. C 07-05115 JSW, 2008 WL 191419, *2 (N.D. Cal. Jan. 22,

4  2008) (enforcing forum selection clause in putative class action alleging that Network

5  Solutions violated several California laws because it "knowingly violated its privacy

6  policy and failed to install industry-standard hardware and/or software that would have

7  prevented the release of its customers' private information").

8       Moreover, as demonstrated by this District's enforcement of forum selection

9  clauses through the Rule 12(b)(3) dismissals discussed above, California public policy

10  supports the enforcement of forum selection clauses.  *Smith, Valentino & Smith, Inc. v.*

11  *Superior Court*, 17 Cal. 3d 491, 495-96, 551 P.2d 1206, 1209, 131 Cal. Rptr. 374, 377

12  (Cal. 1976) (enforcing forum-selection clause is consistent with public policy "where, as

13  here, a plaintiff has freely and voluntarily negotiated away his right to a California

14  forum").  Accordingly, federal courts routinely hold that enforcement of a forum selection

15  clause does not contravene California public policy when a party is left free to argue for

16  the application of California law in a federal forum.  *See Swenson v. T-Mobile USA, Inc.*,

17  415 F.Supp.2d 1101, 1104 (S.D. Cal. 2006) ("While the Court notes that a Washington

18  court's application of Washington law to the matter at hand may arguably lead to a result

19  conflicting with the provisions of § 16600, Swenson was free to, and in fact, did argue for

20  the application of California law.  The fact that the Washington court ruling resulted in a

21  decision unfavorable to Swenson does not mandate a finding that the clause requiring the

22  case be litigated in Washington is invalid."); *Mazzola v. Roomster Corp.*, 2010 WL

23  4916610, at *3 ("Plaintiff is free to pursue remedies in federal court in New York.  Thus,

24  in interpreting the forum selection clause, this Court is not concluding that New York law

25  applies to Plaintiff's action.  To the contrary, once in the proper venue, Plaintiff is free to

26  argue for application of California law.").

27       A forum selection clause that leaves a party free to argue for the application of

28  California law in a federal forum is enforceable regardless of whether the transferee

1   forum's law with respect to the merits of the litigation conflicts with the public policy of

2   California. *See Swenson*, 415 F. Supp. 2d at 1105 (enforcing provision even though

3   outcome of litigation under Washington law might be contrary to California public policy

4   against non-compete agreements).  The issue is whether enforcement of the forum

5   selection clause is consistent with California public policy, not whether the outcome of

6   the litigation on the merits will be consistent with California public policy.  *Id.*; *see also*

7   *E. & J. Gallo Winery v. Andina Licores S.A.*, 440 F.Supp.2d 1115, 1127 (E.D. Cal. 2006)

8   ("The fact that the forum or choice of law specified by a contract affords remedies that are

9   different or less favorable to the laws of the forum preferred by a plaintiff is not alone a

10   valid basis to deny enforcement of the forum selection and choice of law provisions.").

11   And, even if Washington law were applied, Plaintiff cannot demonstrate that

12   Washington's public policy interests or its consumer protection laws are fundamentally

13   different from California's interests.  He can have his rights vindicated in either forum.[3]

14          The Agreement at issue in this case satisfies the necessary criteria.  It does not

15   require that the action be maintained in state court in Washington.  Rather it states that

16   Plaintiff must maintain his legal proceeding against Valve in "state or federal court" in

17   "King County, Washington." *See Mazzola*, 2010 WL 4916610, at *1 (enforcing clause

18   that required dispute to be submitted to the "state and federal courts in New York

19   County").  If Plaintiff contends that California law applies notwithstanding the

20   Agreement's choice of law provision, he will be free to argue for the application of

21   California law in United States District Court in the Western District of Washington.

22   Washington is also within the Ninth Circuit, so the same appellate law will be applied as

23   if this matter went forward in California.  No strong public policy concern is even

24   _____

25   [3] Significantly, Plaintiff agreed that disputes arising under the Steam Subscriber
     Agreement "shall be resolved in accordance with the law of Washington."  It does not
26   violate California public policy to hold Plaintiff to the choice-of-law provision that he
     assented to in the Agreement.  To the contrary, California public policy strongly favors
27   the enforcement of choice-of-law provisions. *Nedlloyd Lines B.V. v. Superior Court*, 3
     Cal. 4th 459, 464-65, 834 P.2d 1148, 1151, 11 Cal. Rptr. 2d 330, 333 (Cal. 1992).
28

1    implicated, much less contradicted.

2    **B.**    **Alternatively, the Court Should Transfer This Action to Washington**

3            **State Under Section 1406(a).**

4    Where venue is improper, the district court has the discretion to dismiss the case

5 under Fed. R. Civ. P. 12(b)(3) or transfer the case in the interest of justice to an

6 appropriate jurisdiction under 28 U.S.C. § 1406(a).[4] *See King v. Russell*, 963 F.2d 1301,

7 1304 (9th Cir. 1992); *Flake v. Medline Indus., Inc.*, 882 F.Supp. 947, 952 (E.D. Cal. 1995)

8 (explaining that Ninth Circuit has "endorsed the use of § 1406 to transfer or dismiss based

9 on a forum selection clause"); *Mazzola v. Roomster Corp.*, No. CV 10-5954 AHM, 2010

10 WL 4916610, at *1 (C.D. Cal. Nov. 30, 2010) (transferring case under 28 U.S.C.

11 § 1406(a) based on forum-selection clause).

12    Venue is plainly improper in the Central District of California. However, if the

13 Court determines that dismissal is unwarranted, Valve requests that the case be transferred

14 to the United States District Court for the Western District of Washington pursuant to 28

15 U.S.C. § 1406(a) to give effect to the parties' agreement in the forum selection clause.

16                       **IV.**    **CONCLUSION**

17    This is not a close question. Plaintiff agreed <u>seven</u> times that any lawsuit between

18 he and Valve would be litigated exclusively in state or federal courts in Washington State.

19 That agreement is unambiguous, and should be enforced as written. Accordingly, the

20 Court should dismiss this action pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue

21 or alternatively transfer it action to the United States District Court for the Western

22 District of Washington pursuant to 28 U.S.C. § 1406(a).

---

[4] 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

1    Dated:  January 9, 2012                    MCLEOD, MOSCARINO, WITHAM & FLYNN LLP

2

3                                          By:    /s/ Jeffrey R. Witham
                                                  Jeffrey R. Witham (SBN 116392)
4                                                 707 Wilshire Boulevard, Suite 5000
                                                  Los Angeles, California 90017-3501
5                                                 Tel: (213) 627-3600
                                                  jwitham@mmwf.com
6                                                 Attorneys for Defendant
                                                  Valve Corporation
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS OR TRANSFER

1   Jeffrey R. Witham (SBN 116392)
2   jwitham@mmwf.com
    McLEOD, MOSCARINO, WITHAM & FLYNN LLP
3   707 Wilshire Blvd., Suite 5000
    Los Angeles, CA 90017
4   Tel: (213) 627-3600
5   Fax: (213) 627-6290

6

7   Gavin W. Skok                            **JS-6**
8   Shata L. Stucky
    RIDDELL WILLIAMS, P.S.
9   1001 Fourth Avenue
    Suite 4500
10  Seattle, WA 98154-1192
11  Tel: (206) 624-3600
    Fax: (206) 389-1708
12
13  Attorneys for Defendant
    Valve Corporation
14

15              IN THE UNITED STATES DISTRICT COURT
16          FOR THE CENTRAL DISTRICT OF CALIFORNIA
17

| | |
|---|---|
| 18  Oliver Grigsby, individually and on behalf of other members of the general public | Case No. CV 11-09905 JAK (MANx) |
| 19  similarly situated, | **ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER UNDER 28 U.S.C. § 1406(a)** |
| 20       Plaintiff, | |
| 21  vs. | DATE: March 26, 2012 |
| 22 | TIME: 8:30 a.m. |
| 23  Valve Corporation, a Washington corporation, | CTRM: 750 |
| 24 | |
| 25       Defendant. | |

26

27       Before the Court is Defendant Valve Corporation's Motion to Dismiss for Improper
28  Venue or, in the Alternative, to Transfer Under 28 U.S.C. § 1406(a) (the "Motion").

1

1    Having considered the Motion, the pleadings and materials filed in opposition to

2    and in support thereof, and the arguments of counsel, the Court GRANTS Valve

3    Corporation's Motion to Transfer pursuant to 28 U.S.C. §1406 (a).

4    IT IS HEREBY ORDERED that Case No. CV 11-09905 JAK (MANx) is

5    TRANSFERRED to the United States District Court for the Western District of

6    Washington.

7

8

9    Dated: March 30, 2012

                                        Hon. John A. Kronstadt
10                                      United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR TRANSFER